```
                UNITED STATES DISTRICT COURT              FILED
                NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION              00 MAY -3 AM 9:32

                                                      U.S. DISTRICT COURT
ESSIE E.S. HUDSON,            )                         N.D. OF ALABAMA
                              )
     Plaintiff,               )
                              )
vs.                           )   Civil Action No. CV-00-S-0752-NE
                              )
THE SWANSON GROUP, INC.,      )                          ENTERED
                              )
     Defendant.               )                          MAY 3 2000
```

### MEMORANDUM OPINION

This action is before the court on plaintiff's "motion to reinstate her civil case." For the reasons stated below, the court finds the motion is due to be denied.

### I. FACTUAL BACKGROUND

Plaintiff, acting *pro se*, originally commenced this action on March 23, 2000, by filing a pleading entitled "motion for judgment." That pleading was signed by plaintiff *pro se*, and, one "Johnny Swanson III[,] S.A., B.A., J.D.," who described himself as "President [of] The Swanson Group, Inc." Attached as an exhibit to the motion was a document entitled "consent to judgment." The consent was executed by "Johnny Johnson III[,] S.A., B.A., J.D.[,] President," purportedly "by order of the executive office" of the defendant corporation. In paragraph 2 of her motion for judgment, plaintiff alleged that she had "served in various Executive and Management work positions with the defendant, The Swanson Group, Inc., a Delaware Corporation with offices in Birmingham, Alabama,

during the period 1993 through the present." In paragraph 3 she alleged that defendant had "agreed to pay and/or to reimburse plaintiff for certain services at a certain annual rate," but had failed to do so since 1993. Plaintiff speculated that defendant owed her in "excess of $210,000.00 for uncompensated services covering the period from 1993 to 1999 at the rate of $38,000.00 per annum." (Motion for Judgment ¶ 4.) Plaintiff asked this court to enter judgment against defendant for the aggregate amount of her past-due salary, and,

> Order The U.S. Army at Fort Huachucha, Arizona[,] to immediately release upon presentation of [an] invoice all monies due to defendant ... in order that such funds may be paid towards Plaintiff['s] wages due. Plaintiff believes that the U.S. Army owes [defendant] approximately $70,000.00. Finally, Plaintiff ask [sic] that the Court Orders [sic] the U.S. Navy to release any amounts up to $140,000.00 to complete the balance. Plaintiff believes that the U.S. Navy owes approximately $2,000,000 to defendant. <u>There appears to be a substantial balance to meet defendants [sic] debt to the Government via the Internal Revenue Service</u>.

Motion for Judgment ¶ 6 (emphasis supplied).

This court *sua sponte* dismissed the action by order entered on March 28, 2000. When doing so, the court observed that plaintiff had failed to demonstrate subject matter jurisdiction, that her "motion for judgment" failed to state a claim upon which relief could be granted, and that she had failed to comply with Rules 3 and 8 of the Federal Rules of Civil Procedure.

2

Plaintiff now petitions the court, one month after her "motion for judgment" was dismissed, to reinstate the action by granting her leave to file a "complaint" attached to the "motion to reinstate civil case." Plaintiff alleges in the complaint that she had served as defendant's corporate vice-president from 1983 to 1999, but that she had not been paid for her services since January of 1993. (Complaint ¶ 3.) Plaintiff admits that defendant, "The Swanson Group, Inc. ... is owned and operated by her brother" (id. ¶ 8), but contends that his (and, thereby, the defendant's) conduct in failing to pay her salary for a period of years not only was a breach of her employment contract, but also violated the Fair Labor Standards Act, 29 U.S.C. § 202 et seq., the Contract Work Hours and Safety Act, 40 U.S.C. § 327 et seq., and the McNamara-O'Hara Service Contract Act, 41 U.S.C. § 351 et seq. Plaintiff "submits that much of Defendant's monies are still controlled by the United States Government through various agencies with whom defendant has previously [p]rovided contract services." (Complaint ¶ 8.)

## II. DISCUSSION

This court construes plaintiff's "motion to reinstate" as one to alter or amend the order of dismissal as contemplated by Federal Rule of Civil Procedure 59(e). Burnam v. Amoco Container Company, 738 F.2d 1230, 1232 (11th Cir. 1984) ("[A] motion to vacate a judgment of dismissal and amend the complaint is generally

characterized as a Rule 59(e) motion."). Under Rule 59(e), however, a "motion to alter or amend a judgment shall be filed <u>no later than 10 days</u> after entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis supplied). Plaintiff's complaint was filed approximately one month after this court's order of dismissal and, accordingly, is untimely. Moreover, plaintiff's failure to file her motion within the ten days established by Rule 59(e) deprives this court of subject matter jurisdiction over this action. *See Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992) (holding that "[t]he 10-day time limitation for serving a Fed. R. Civ. P. 52(b) motion is jurisdictional and cannot be extended by the district court").

Alternatively, even construing plaintiff's *pro se* motion as one filed under Rules 60(b)(1) or (b)(6),[1] the court still finds the motion is due to be denied, because plaintiff's proposed complaint fails to state a claim upon which relief can be granted. Specifically, the court concludes that Section 13(a)(1) of the Fair Labor Standards Act exempts from its minimum wage provisions "any employee engaged in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213. Plaintiff alleges that she was a vice-president of the defendant corporation and, thus, is

---

[1] Rule 60(b) authorizes a district court to "relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

4

not protected by the FLSA. See *Donovan v. Agnew*, 712 F.2d 1509, 1517 (1st Cir. 1983) (finding "no basis for holding that Congress intended to extend the minimum wage protections of the Act to highly salaried employees whenever their employment contracts are breached"). Similarly, plaintiff is not a "laborer or mechanic" entitled to protection under the Contract Work Hours and Safety Standards Act, 40 U.S.C. § 329.

Plaintiff also alleges that defendant's conduct constitutes a violation of the McNamara-O'Hara Service Contract Act ("SCA"), 41 U.S.C. § 351 *et seq*. It is well established in this circuit, however, that the SCA does not confer a private right of action upon individuals like plaintiff, but rather provides for administrative enforcement with the Secretary of Labor. See *District Lodge No. 166, International Association of Machinists and Aerospace Workers, AFL-CIO v. TWA Services, Inc.*, 731 F.2d 711, 716 (11th Cir. 1984), *cert denied*, 469 U.S. 1209, 105 S.Ct. 1175, 84 L.Ed.2d 324 (1985); *Berry v. Andrews*, 535 F. Supp. 1317, 1318 (M.D. Ala. 1982); *see also Barron v. Reich*, 13 F.3d 1370, 1373 (9th Cir. 1994) (noting that "this court held over a decade ago that employees have no private right of action against their employers under the SCA").

Plaintiff's only remaining claim, therefore, is for breach of her employment contract. This court does not possess jurisdiction

over that state law claim, however, as complete diversity is not present between the parties. *See* 42 U.S.C. § 1332; complaint ¶¶ 1,2 (averring that plaintiff is a citizen of Alabama, and that defendant "The Swanson Group, Inc. presently has its' [sic] Principal place of Business in Birmingham, Alabama"). Accordingly, the court refuses to grant plaintiff's motion, because she has failed to state a claim under federal law, and her claim for breach of an employment contract is more properly litigated in the courts of the State of Alabama.

### III. CONCLUSION

Based on the foregoing, the court finds that plaintiff's "motion to reinstate civil case" is due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this **3rd** day of May, 2000.

_____
United States District Judge